1  CROWELL & MORING LLP
   Kent B. Goss (SBN 131499)
2  kgoss@crowell.com
   Raija J. Horstman (SBN 277301)
3  rhorstman@crowell.com
   515 South Flower St., 40th Floor
4  Los Angeles, CA 90071
   Telephone: 213.662.4750
5  Facsimile: 213.622.2690

6  Attorneys for Plaintiff
   EVOX PRODUCTIONS LLC

7

8

9

10              UNITED STATES DISTRICT COURT

11        CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

12  EVOX PRODUCTIONS LLC, a          CASE NO. 2:20-cv-02852-CBM-JEM
    Delaware limited liability
13  company,
                                     STIPULATED PROTECTIVE ORDER
14              Plaintiff,

15        v.

16                                   Judge:      Hon. Consuelo B. Marshall
    VERIZON MEDIA INC., a Delaware   Magistrate: Hon. John E. McDermott
17  corporation, YAHOO! INC., a Delaware
    corporation, OATH, INC. a Delaware
18  corporation, and DOES 1 through 10,
    inclusive,
19
20              Defendants.

21

22

23

24

25

26

27

28

                              - 1 -

## I.   PURPOSES AND LIMITATIONS

A.      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XV(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.   GOOD CAUSE STATEMENT

A.      This action may involve trade secrets, commercially sensitive information, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, such as confidential license agreements and financial reports, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  The parties will be prejudiced if no protective order is entered and their commercially sensitive information is made publicly available. For example, the parties would be harmed in future negotiations if their confidential negotiations of licensing agreements and the material terms of those confidential licensing agreements were made public. They would

CASE NO. 2:20-CV-02852 CBM (JEMx)
STIPULATED PROTECTIVE ORDER

LAACTIVE-604813586.2

also be harmed if their confidential and proprietary business practices were made available to their competitors. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### III.     DEFINITIONS

A.      Action:  The above captioned action, Case No. 2:20-cv-2852-CBM (JEMx).

B.      Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.      "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.      Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.      Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

F.      Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

H.    "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items: Information (regardless of how it is generated) that qualifies as "CONFIDENTIAL" information, and contains extremely sensitive information, the disclosure of which to another party would create a risk of competitive injury, including but not limited to:  (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

I.    House Counsel:  Attorneys who are employees of a party to this Action or outside counsel who act as general counsel to a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and any of their respective support staffs).

M.    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.     Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.     Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY."

P.     Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.     SCOPE

A.     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.     Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.     DURATION

A.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.     DESIGNATING PROTECTED MATERIAL

A.     Exercise of Restraint and Care in Designating Material for Protection

1.      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose *(e.g.,* to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.      Manner and Timing of Designations

1.      Except as otherwise provided in this Order *(see, e.g.,* Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.      Designation in conformity with this Order requires the following:

a.      For information in documentary form *(e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the

CASE NO. 2:20-CV-02852 CBM (JEMx)
STIPULATED PROTECTIVE ORDER

material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) *(e.g.,* by making appropriate markings in the margins).

c.      For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.  Alternatively, within thirty (30) days of receipt of the final certified transcript of any deposition, any Party or Non-Party may request that the original and all copies of the deposition transcript, in whole or in part, may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY."

d.      For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on

the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.   Inadvertent Failure to Designate

1.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

2.   Upward Designation

a.   A party may upward designate (i.e., change any documents or other material produced without a designation to a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, or change any Protected Material produced as CONFIDENTIAL to a designation of CONFIDENTIAL — ATTORNEYS' EYES ONLY) any Discovery Material produced by any other Party or Non-Party, provided that said Discovery Material contains the upward Designating Party's own Protected Material, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all parties identifying (by bates number or other individually identifiable information) the Discovery Material to be re-designated within sixty (60) days of production by the Producing Party.  Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all parties to upward designate certain

Discovery Material or from moving the Court for such relief Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.   Timing of Challenges

1.   Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.   Meet and Confer

1.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose *(e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A.   Basic Principles

1.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2.   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.   Disclosure of "CONFIDENTIAL" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters and their staff;

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, subject to the provisions of Section XIII herein, and provided:  (i) the witness signs the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto; and (ii) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to

depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

C.      Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" only to:

a.      Outside Counsel of Record for the parties and supporting personnel employed in the law firm(s), such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel;

b.      Technical advisers and their necessary support personnel engaged by Counsel for the parties, subject to the provisions of Section XI herein, and provided that such individuals have first been given a copy of this Order and have executed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.  Subject to any applicable restrictions, said Outside Counsel of Record shall retain each signed "Acknowledgment and Agreement to Be Bound", and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case if requested.  The term "technical adviser" shall mean independent outside expert witnesses, consulting experts, or consultants (i.e., not employees of a party) retained by Counsel for the parties who are deemed reasonably necessary to assist

such counsel in connection with this litigation, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such advisor is not anticipated at the time of retention to become an officer, director or employee of a party; (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Section XI;

c.      Independent contractors engaged by Counsel for the parties, to the extent reasonably necessary to assist such Counsel in connection with this litigation, including but not limited to (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; (iv) non-technical jury or trial consulting services; (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery; and (vi) private investigators, provided that such persons or entities have first been given a copy of this Order and have executed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.  Subject to any applicable restrictions, Outside Counsel of Record shall retain each signed "Acknowledgment and Agreement to Be Bound", and produce it to opposing counsel at the conclusion of the case if requested;

d.      The author or recipient of a document containing the information or a custodian of the document;

e.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, subject to the provisions of Section XIII herein, and provided:  (i) the witness signs the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A

hereto; and (ii) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

f.      The Court and its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors; and

g.      Any other persons as to whom all the parties in writing agree, provided that such persons have first been given a copy of this Order and have executed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

## IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" that Party must:

1.      Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

-14-

C.      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

XI.     **DISCLOSURE TO EXPERTS OR TECHNICAL ADVISERS**

A.      Protected Material designated by the Producing Party and such copies of Protected Material as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the Receiving Party's Experts and/or technical advisers and their necessary support personnel.

B.      No disclosure of Protected Material to an Expert or technical adviser or their necessary support personnel shall occur until that person has signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

C.      A Party desiring to disclose Protected Material to an Expert shall also give prior written notice of the intended disclosure by email to all Outside Counsel of Record in the Action.  The Designating Party shall have ten (10) business days after such notice is given to object in writing to the disclosure.  No Protected Material shall be disclosed to such Expert(s) until after the expiration of the foregoing notice period and resolution of any objection.

XII.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or

persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XIII.   LIMITATIONS ON THE USE OF PROTECTED MATERIAL**

    A.    Restrictions on the Use of Protected Material

    1.    All Protected Material shall be held in strict confidence by each person to whom it is disclosed, shall be used only for purposes of the prosecution, defense, or settlement of this litigation, shall not be used for any other purpose, including, without limitation, any other business or competitive purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material.

    B.    Examination and Court Filings Concerning Protected Material

    1.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Material of which such person has prior knowledge.

    2.    Without in any way limiting the generality of the foregoing:

    a.    A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Material which has been produced by that Party and of which the witness has personal knowledge;

    b.    A former director, officer, agent and/or employee of a Producing Party may be examined and may testify concerning all Protected Material of which he or she has personal knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

c.      Non-parties may be examined or testify concerning any Protected Material of a Producing Party, which appears on its face or from other documents or testimony to have been received from or communicated to the Non-Party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party.

3.      Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination or testimony concerning such Protected Material, unless the Designating Party consents to persons other than qualified recipients being present at the examination or testimony.  If the witness is represented by an attorney who is not qualified under this Order to receive such Protected Material, then prior to the examination or testimony, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed during the course of the examination or testimony.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material.

4.      If a Party intends to show a fact witness at deposition documents designated as Protected Material in this litigation, the Party shall inform the fact witness, either at the start of the deposition or during the deposition, and before the designated document is shown, that such Protected Material and the contents therein are being furnished to the witness solely for use in this litigation.  That witness shall also be shown a copy of this Order.  No fact witness may retain any documents designated as Protected Material.

5.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have

been designated as Protected Material shall be filed under seal unless the Court orders otherwise.  If such documents can be redacted, then a redacted version for public viewing, omitting only the portions of the document containing Protected Material, shall be filed.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.  To avoid unnecessary sealing of Court records and motion practice relating to sealed filings, any Party preparing a filing with the Court that may contain Protected Material may identify to the Designating Party or Non-Party the specific Protected Material at issue and request a waiver of the confidentiality protections for that specific Protected Material.  Upon receipt of such a request to waive confidentiality protections, the Designating Party or Non-Party shall respond in good faith within three (3) business days.

6.    Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to persons qualified to receive Protected Material under this Order.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Material designated CONFIDENTIAL for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed Protected Material under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Material designated CONFIDENTIAL into machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected

Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

7. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

C. Unauthorized Disclosure of Protected Material

1. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

D. Violations

1. If any Party violates the limitations on the use of Protected Material as described in this Section XIII, any other Party may request that sanctions be ordered by the Court. In the event motion practice is required to enforce the terms of this Order, and a Party is found by a Court to have willfully violated the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation

and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

## XIV.   FINAL DISPOSITION

A.      Within sixty (60) days of the final disposition of this Action, as defined in Section V, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

## XV.   MISCELLANEOUS

A.      Right to Further Relief

1.      Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.      Right to Assert Other Objections

1.      By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ground to use in evidence of any of the material covered by this Protective Order.

C.    Filing Protected Material

1.    A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

D.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


Dated:   April 16, 2021                           /s/ Raija Horstman
                                                  Kent Goss
                                                  Raija Horstman
                                                  **CROWELL & MORING LLP**
                                                  **Attorneys for Plaintiff**

Dated:  April 16, 2021                            /s/ Ilissa Samplin
                                                  Scott A. Edelman
                                                  Perlette Michele Jura
                                                  Ilissa Samplin
                                                  **GIBSON, DUNN & CRUTCHER LLP**
                                                  **Attorneys for Defendants**


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:   4/19/21                                  John E. McDermott
                                                  Hon. John E. McDermott,
                                                  U.S. Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **Attestation re Electronic Signatures**

I, Raija J. Horstman, attest pursuant to Central District Local Rule 5-4.3.4 that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:        April 16, 2021                    _____*/s/ Raija J. Horstman*_____
                                                                    Raija J. Horstman

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issue by the United States District Court for the Central District of California on [DATE] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the Court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____