# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOX PRODUCTIONS, LLC,<br><br>　　Plaintiff,<br>v.<br>YAHOO INC.,<br>　　Defendant. | Case No.:  CV 20-2852-CBM-(JEMx)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO DISMISS DEFENDANT YAHOO INC.'S COUNTERCLAIM FOR BREACH OF CONTRACT** |

The matter before the Court is Plaintiff Evox Productions, LLC's ("Plaintiff's" or "Evox's") Motion to Dismiss Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 90.)  The matter is fully briefed.  (*See* Dkt. Nos. 92, 93.)[1]

## I.   BACKGROUND

This action arises from Defendants' alleged unauthorized use of over 400,000 of Plaintiff's copyrighted digital images and photographs and Plaintiff's trademarks included on the digital images after Defendant Yahoo! Inc. cancelled

---

[1] The Court granted Yahoo Inc.'s Ex Parte Application for Order Striking Portions of Evox's Reply in Support of Its Motion to Dismiss Yahoo's Counterclaim, and the following portions of Evox's Reply (Dkt. No. 93) were stricken:  Dkt. No. 93 at 2:3-5; 2:7-10; 4:24-25; 5:1-4; 5:8-7:20; 9:6-10; 9:17-21; 9 n.6-7;10:11-13. (Dkt. No. 99 (citing *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)).)

the licensing agreement with Plaintiff in 2016. Plaintiff filed the Complaint on March 27, 2020 asserting two causes of action against Defendants: (1) copyright infringement; and (2) federal trademark infringement. On August 19, 2020, the Court granted Defendants' Motion to Dismiss Plaintiff's trademark infringement claim without leave to amend. (Dkt. No. 35.)

On May 5, 2021, the Court granted Defendants' Motion for Judgment on the Pleadings on Plaintiff's copyright infringement claim, and dismissed the copyright claim with leave to amend. (Dkt. No. 51.) On May 21, 2021, Plaintiff filed the First Amended Complaint ("FAC") which asserted a single cause of action for copyright infringement against Defendants under 17 U.S.C. § 501 *et seq.* based on Yahoo's alleged "reproduction, distribution and display of the Copyrighted Photographs on, among other places, the Yahoo! Autos website, the Yahoo! Tumblr website and its servers after August 2, 2016." (Dkt. No. 53 (FAC ¶ 53).) On August 23, 2021, the Court granted Defendants' motion to dismiss the FAC without further leave to amend. (Dkt. No. 65.)

On September 22, 2021, Plaintiff filed a notice of appeal, appealing the dismissal of the trademark and copyright claims. (Dkt. No. 68.) On December 6, 2022, the Ninth Circuit affirmed this Court's dismissal of the trademark infringement claim, reversed the Court's dismissal of the copyright infringement claim, and remanded the case for further proceedings. (Dkt. No. 76.) On December 28, 2022, the Ninth Circuit issued the Mandate. (Dkt. No. 77.) On August 30, 2023, Defendants filed an Answer and Counterclaim for breach of contract against Plaintiff. (Dkt. No. 86.) Plaintiff's instant Motion seeks to dismiss Defendant's breach of contract counterclaim. (Dkt. No. 90.)

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), the Complaint "must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).  The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully.  *Id*.  A formulaic recitation of the elements of a cause of action will not suffice.  *Twombly*, 550 U.S. at 555.

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *Allbirds, Inc. v. Giesswein Walkwaren AG*, 2020 U.S. Dist. LEXIS 226579, at *7 (N.D. Cal. June 4, 2020) (Freeman, J.) (quoting *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015) (Koh, J.)); *see also Tire Hanger Corp. v. Shinn Fu Co. of Am., Inc.*, 2017 WL 3457122, at *5 (C.D. Cal. June 7, 2017) (Lew, J.) (applying same standard for a motion to dismiss a complaint pursuant to Rule 12(b)(6) to a motion to dismiss counterclaim).  "For the purpose of a motion to dismiss counterclaims, the operative 'complaint' . . . is the counterclaims. Thus, . . . the court must 'accept all factual allegations in the [counterclaims] as true.'" *Finato v. Keith Fink & Assocs.*, 2017 WL 3075510, at *2 (C.D. Cal. May 17, 2017) (Klausner, J.).  "[T]he allegations [in] the original complaint . . . are not entitled to the presumption of truth," and "the court does not consider the complaint or answer . . . in a motion to dismiss counterclaims." *Id*. (internal citations omitted).

### III.   DISCUSSION

In Yahoo's Counterclaim for breach of contract, Yahoo alleges:

1. "Evox and Yahoo (through Yahoo's predecessor in interest) entered into a Content License Agreement in November 2014. *See* Dkt. 53-4 at 5–24." (Counterclaim ¶ 6);

2. "[T]he Content License Agreement obligated Evox to immediately notify Yahoo of potential claims against Yahoo related to the Agreement." (*Id.* ¶ 9);

3. "[U]nder Section 5.1(b) of the Agreement, Evox agreed it would 'notify Yahoo immediately' if Evox became 'aware of any actual or potential claims, suits, actions, allegations or charges that could affect either party's ability to fully perform its duties or to exercise its rights under this Agreement.'" (*Id.* ¶ 10);

4. "The Content License Agreement also imposed a duty on Evox to take reasonable steps to mitigate damages for which Yahoo was supposedly responsible." (*Id.* ¶ 11);

5. "Section 7 of the Agreement obligated Evox to 'use commercially reasonable efforts to mitigate damages for which [Yahoo] is responsible.' These 'reasonable efforts' included immediately notifying Yahoo of potential claims by Evox related to the images that were the subject of the Agreement, such that Yahoo could reduce or avoid any supposed harm stemming from those claims." (*Id.* ¶¶ 12-13.)

6. "Around the time the parties' Agreement terminated in or around May 2016, Evox believed it had, or would soon have, a potential or actual claim, suit, action, allegation, or charge against Yahoo related to the images that were the subject of the Agreement. Specifically, in or around May 2016, Evox became aware that its images were allegedly available on Yahoo! Autos and on the 'evox on Yahoo' Tumblr blog, and it planned to commence a lawsuit alleging infringement arising out of that alleged conduct." (*Id.* ¶ 14);

7. "Evox did not take any steps to immediately notify Yahoo of Evox's actual or potential claims in or around May 2016, as required under the Agreement, even though notifying Yahoo would have allowed Evox to comply with its duty to mitigate any alleged damages and would have prevented some or all of Evox's claimed damages from accruing at all." (*Id.* ¶ 15).

8. "The first time that Evox informed Yahoo (through Yahoo's predecessor in interest) of certain of Evox's claims was on March 5, 2018, when Evox sent its first cease-and-desist letter, approximately eighteen months after Evox claims it first discovered the alleged infringement." (*Id.* ¶ 19);

9. "Evox had a duty under the parties' Agreement to immediately inform Yahoo of Evox's actual or potential claims, and compliance with that duty here would have allowed Evox to comply with its separate obligation to use commercially reasonable efforts to mitigate any damages for which Yahoo is allegedly responsible." (*Id.* ¶ 24);

10. "Evox breached its duty to immediately notify Yahoo, and in turn breached its duty to mitigate, and in fact caused its own harm, by choosing not to inform Yahoo of certain of Evox's

4

  claims until March 2018." (*Id.* ¶ 25); and

  11. "Evox's breach has caused, and may continue to cause, Yahoo to suffer damages in an amount to be determined at trial." (*Id.* ¶ 26.)

  Plaintiff moves to dismiss Yahoo's breach of contract counterclaim on the following two grounds: (1) the breach of contract counterclaim fails because there was no contractual relationship between the parties at the time of the alleged breach; and (2) even if there was a contractual relationship between the parties at the time of the alleged breach, Plaintiff did not breach the parties' agreement by failing to provide notice of Yahoo's copyright infringement. An analysis of each basis for Plaintiff's Motion to Dismiss the counterclaim is set forth below.

**B. No Contractual Relationship**

  Plaintiff argues because Yahoo "became a stranger to the [licensing agreement] and to Evox the moment it continued displaying Evox's Copyrighted Photographs without authorization, Yahoo necessarily became a stranger to the license agreement *before* the time of the alleged breach," and therefore the breach of contract counterclaim fails as a matter of law since the parties did not have a contractual relationship at the time of the alleged breach. While there is support for the proposition that exceeding the scope of a licensing agreement constitutes copyright infringement,[2] Plaintiff's contention that Yahoo's breach of contract counterclaim fails based on the stranger to the license agreement doctrine presumes Yahoo infringed Plaintiff's copyrights. However, there has been no finding that Yahoo infringed Plaintiff's copyrights.

---

[2] Plaintiff cites to the following authorities in support of its contention that exceeding the scope of a licensing agreement constitutes copyright infringement: 3 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 10.15[A][2] (Matthew Bender, rev. ed. 2023) ("when a license is limited in scope, exploitation of the copyrighted work outside the specified limits constitutes infringement"); *Jarvis v K2 Inc.*, 486 F.3d 526, 530 (9th Cir. 2007) (affirming damages award based on continued use after the termination of the license agreement because defendant's "scanning and online display of the collage ads after May 2003 were not authorized by the Agreement").

To the extent Plaintiff relies on the Ninth Circuit's Memorandum Disposition on appeal, the Ninth Circuit did not find Defendant has infringed Plaintiff's copyrights. Rather, the Ninth Circuit concluded Plaintiff "plausibly alleged that, through its Yahoo Autos and Tumblr platforms, Verizon continued to reproduce, display, and distribute Evox's photos from Verizon's servers to website visitors more than 90 days after the termination of a licensing agreement between Evox and Verizon," and "plausibly pleaded its copyright claim." (Dkt. No. 76 at 2, 3.) Furthermore, to the extent Plaintiff relies on its own allegations in the Complaint that Defendant infringed Plaintiff's copyrights, "on a motion to dismiss a counterclaim, the Court cannot accept as true factual allegations alleged by the moving party in the initial Complaint . . . ." *Hope Chung v. Intellectsoft Grp. Corp.*, 2023 U.S. Dist. LEXIS 153484, *3 (N.D. Cal. Aug. 30, 2023); *see also State Farm Life Ins. Co. v. Landfried*, 2020 U.S. Dist. LEXIS 165226, 2020 WL 5356706, at *8 (C.D. Cal. June 25, 2020); *Finato*, 2017 WL 3075510, at *2.[3]

Plaintiff relies on various cases in arguing a finding on the merits of Yahoo's infringement claim is not required for Yahoo to be deemed a stranger to the contract. However, those cases support the proposition that a defendant cannot avoid federal question jurisdiction by characterizing copyright infringement based on exceeding the scope of a license as a breach of contract—those cases do not support Plaintiff's attempt to the use the "stranger to the contract" doctrine here to bar a breach of contract counterclaim on a 12(b)(6) motion to dismiss. *See Marshall v. New Kids On The Block P'ship*, 780 F. Supp. 1005, 1008-10 (S.D.N.Y. 1991); *Kanakos v. MX Trading Corp.*, 1981 WL 1377, at *2-3 (S.D.N.Y. Sept. 16, 1981); *Kamakazi Music Corp. v. Robbins Music Corp.*, 684

---

[3] Plaintiff's reliance on *Valve Corp. v. Sierra Ent. Inc.*, 431 F. Supp. 2d 1091 (W.D. Wash. 2004), is also misplaced. *Valve* is distinguishable because it was decided at the summary judgment stage. Moreover, *Valve* did not hold that the parties' contract ceased to exist when the infringement occurred, nor did it hold that the defendant was precluded from bringing a counterclaim based on an underlying license.

F.2d 228, 229–30 (2d Cir. 1982); *E. Broad. Am. Corp. v. Universal Video, Inc.*, 2006 WL 767871, at *2 (E.D.N.Y. Mar. 24, 2006).

Plaintiff also argues Defendant's counterclaim for breach of contract "requires infringement by Yahoo to trigger the alleged duties to notify and mitigate damages." However, Section 5.1 of the licensing agreement required Plaintiff to "notify Yahoo immediately if Licensor becomes aware of any actual or ***potential*** claims, suits, actions, allegations or charges that could affect either party's ability to fully perform its duties or to exercise its rights under this Agreement." (FAC Ex. D at 5 (emphasis added).) Therefore, Section 5.1 did not require actual infringement by Yahoo to trigger the duties to notify and mitigate damages provisions under the licensing agreement.

Accordingly, the Court denies Plaintiff's Motion to Dismiss Counterclaim based on Plaintiff's contention there was no contractual relationship between the parties at the time of the alleged breach.

## C. No Breach of Contract

Plaintiff also contends the breach of contract counterclaim fails because Yahoo fails to allege facts showing any breach by Evox. Plaintiff argues it did not breach the parties' licensing agreement by failing to provide notice of Yahoo's copyright infringement because the licensing agreement only required Plaintiff to give notice of claims that "could affect either party's ability to fully perform its duties or to exercise its rights under this Agreement," and the copyright infringement claim does not arise under the license agreement.[4]

Yahoo's Counterclaim alleges Plaintiff breached Sections 5.1(b) and 7 of

---

[4] Plaintiff also argues it did not have an independent obligation to notify Yahoo of Plaintiff's copyright claim because the Copyright Act does not require a copyright owner to provide notice to an alleged infringer as a prerequisite to filing suit or seeking damages. However, the lack of pre-suit notice requirements under the Copyright Act is irrelevant for purposes of determining whether the parties' licensing agreement required Plaintiff to give notice of its copyright infringement claim for purposes of the breach of contract counterclaim.

the licensing agreement by waiting nearly two years to alert Yahoo of Plaintiff's copyright infringement claim. (*See* Counterclaim ¶¶ 9-13, 14, 15, 24-25.) Furthermore, the Counterclaim alleges Plaintiff breached its duty under Section 7 of the licensing agreement to "use commercially reasonable efforts to mitigate damages for which [Yahoo] is responsible," because the "'reasonable efforts' included immediately notifying Yahoo of potential claims by Evox related to the images that were the subject of the Agreement, such that Yahoo could reduce or avoid any supposed harm stemming from those claims," and alleges Plaintiff "did not take any steps to immediately notify Yahoo of Evox's actual or potential claims in or around May 2016, as required under the Agreement, even though notifying Yahoo would have allowed Evox to comply with its duty to mitigate any alleged damages and would have prevented some or all of Evox's claimed damages from accruing at all." (Counterclaim ¶¶ 11-13, 15.) Assuming these allegations as true and viewed in the light most favorable to Defendant, the Counterclaim thus alleges sufficient facts to state a claim for breach of the licensing agreement.

With respect to Plaintiff's contention that the copyright infringement claim does not arise under the license agreement, the Ninth Circuit found on appeal of this case that "this copyright dispute 'aris[es] out of' the License Agreement because its core question is whether Chrome's sublicensees used licensed material after their legal right to do so expired, a disputed issue here." *Evox Prods. LLC v. Chrome Data Sols., LP*, 2023 WL 1879479, at *1 (9th Cir. Feb. 10, 2023).

Therefore, the Court denies Plaintiff's Motion to Dismiss Yahoo's Counterclaim based on Plaintiff's contention Yahoo fails to allege facts showing a breach by Evox.[5]

---

[5] The Court did not consider arguments raised for the first time in Plaintiff's reply, which have been stricken (*see* Dkt. No. 99). *See Tovar*, 3 F.3d at 1273 n.3; *Zamani*, 491 F.3d at 997.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to Dismiss Counterclaim.

**IT IS SO ORDERED.**

DATED: January 18, 2024.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE